J-A14006-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JON C. HILDEBRAND AND ELLEN L. HILDEBRAND, HIS WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1524 WDA 2018 |
| EQT PRODUCTION COMPANY; | : | |
| EQUITRANS, L.P.; BRYAN A. LONG | : | |
| AND COURTNEY R. LONG, HIS WIFE, | : | |
| AND MAXX W. SCHINKOVEC | : | |

Appeal from the Order Entered September 24, 2018
In the Court of Common Pleas of Greene County
Civil Division at No(s):  No. 922 AD 2012

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    FILED OCTOBER 02, 2019

Jon C. Hildebrand and Ellen L. Hildebrand, husband and wife, appeal from the order entered on September 24, 2018, denying their motion to compel defendants, EQT Production Company, L.P. and Equitrans, L.P. (EQT, collectively), to tender past due royalty payments.  The denial of this motion represents a final order in that it concluded all issues before the trial court.[1] In this timely appeal, the Hildebrands claim: 1) the trial court's order was fatally inconsistent with and contrary to the Superior Court's June 8, 2017, decision reversing the trial court and remanding the matter for payment of

_____

[1] By denying the instant motion, the trial court terminated the Hildebrands' efforts to obtain relief in this action, and, if affirmed, would require the Hildebrands to file a new action to attempt to obtain relief from EQT.

royalties, and 2) the trial court erred in determining royalties erroneously paid to defendant, Max W. Schinkovec, were to be treated differently from royalty payments that had been placed in a suspense account. After a thorough review of the submissions by the parties, relevant law, and the certified record, we reverse and remand to the trial court for payment of the disputed royalties to the Hildebrands.

Before we begin our analysis, we note the resolution of this matter requires an interpretation of both the complaint for declaratory judgment that underlies this appeal as well as the prior opinion of our Court. Accordingly, as these are matters of law, and "our standard of review is de novo and our scope of review is plenary." S & H Transport, Inc. v. City of York, 210 A.3d 1028, 1038 (Pa. 2019) (citation omitted).

A brief history of this matter is required to understand the current dispute. In September, 2012, the Hildebrands filed a declaratory judgment action seeking an accounting and declaration that oil and gas royalties for a certain parcel of land should be paid to the Hildebrands and that EQT had been improperly splitting the royalty payments with some of the funds being delivered to Max W. Schinkovec. The trial court found against the Hildebrands. While the dispute was pending, the royalty payments were deposited in a suspense account. Royalty payments made to Schinkovec were not returned nor were they placed in the suspense account. As noted above, the trial court determined that EQT had properly paid royalties and denied the Hildebrands relief. An appeal followed and a panel of our Court reversed the trial court's

decision, finding the payments to Schinkovec had been improper. The matter was remanded to the trial court with specific instructions to grant relief under Counts I and II of the Complaint for Declaratory Judgment. See Hildebrand v. EQT Production Co. et al, 165 A.3d 969 (Pa. Super. 2017).

Upon remand, the trial court ordered EQT to pay the Hildebrands the money that had been deposited in the suspense account, but did not order EQT to pay the Hildebrands the royalties EQT had improperly paid to Schinkovec. EQT refused to pay Hildebrand those royalties and has suggested the Hildebrands seek those funds directly from Schinkovec. The Hildebrands filed a motion to compel payment by EQT of the improperly tendered royalty payments. The trial court denied the motion after determining that remedy had not been sought in the declaratory judgment action, and that the Hildebrands would have to file another lawsuit to attempt to obtain those funds.

We believe, based on the complaint for declaratory judgment and the prior decision by our Court, that it is within the trial court's current power and duty to order EQT to pay the currently disputed sum to the Hildebrands just as the trial court ordered EQT to pay the royalties that had been deposited into the suspense account.

In the declaratory judgment action, the Hildebrands asked the trial court to define their rights pursuant to their contract with EQT. Count I asked for a declaration of rights that included all interested parties, including Bryan and

Courtney Long,[2] Schinkovec, and EQT. Count II of the Complaint asks for an accounting of all royalties paid, including those paid to Schinkovec. Count III asks for declaratory judgment between the Hildebrands and EQT. In each count, the Hildebrands also requested any such relief as the court deemed appropriate under the circumstances. See Complaint, Requests for Relief Count I (b), Count II (d), and Count III (b).

The disposition of the prior appeal of this matter states, in toto:

Order reversed. Case remanded for proceedings consistent with this Opinion, including grant of the relief requested in Counts I and II of Appellants' [the Hildenbrands] Declaratory Judgment Complaint. Jurisdiction relinquished.

Hildebrand v. EQT Production Company, 165 A.3d 969, 976 (Pa. Super. 2017).

Reading the Complaint for Declaratory Judgment in tandem with the disposition of the prior appeal, we believe the Hildebrands sought a declaration of their rights under the contract with EQT. That contract not only provided who, as between Schinkovec and the Hildebrands, was entitled to royalty payments, but also the underlying requirement that the payments be made.

The previous Superior Court decision determined the payments to Schinkovec were improper and that Schinkovec was not entitled to those funds. Our Court's prior decision specifically granted the relief sought in

_____

[2] There appears to be no dispute that the Longs were entitled to a nominal royalty payment from EQT and that they received that payment. As an interested party to the contract, they were required to be included in the declaratory judgment action. The Longs have not appealed.

Counts I and II which included the funds paid to Schinkovec and an accounting of those funds. If the Schinkovec royalty payments were not to be included in the relief sought by the Hildebrands, our Court's prior decision would not have included them in the disposition of the previous appeal. Accordingly, there is no legal reason why the payments improperly made to Schinkovec should be treated any differently than those payments placed in the suspense account and paid to the Hildebrands in accordance with the Order docketed in this action on September 25, 2018. Pursuant to the prior decision by our Court, there is no longer any dispute that it is the Hildebrands who are entitled to those funds and that EQT, not Schinkovec, owes those funds to the Hildebrands. EQT is required to perform its contractual duty to pay all royalties to the Hildebrands, not just those placed in the suspense account.

The Hildebrands were not responsible for EQT making payments to an improper party. The Hildebrands have no privity of contract with Schinkovec. EQT has provided no legal theory under which Schinkovec owes the Hildebrands any compensation. Rather, the prior decision of our Court determined it is EQT that owes the Hildebrands all the disputed royalty payments and EQT owes those payments pursuant to its contract with the Hildebrands.

Moreover, although we determine that the Hildebrands are entitled to payment from EQT of the royalties erroneously paid to Schinkovec, the Complaint for Declaratory Judgment sought an accounting to determine the amount paid to Schinkovec. See Complaint, Count II. The prior opinion by

our Court specifically granted the relief sought by the Hildebrands in Count II. See Hildebrand v. EQT, 165 A.2d at 976 (disposition). We see no evidence in the certified record that any such accounting has taken place.[3] Therefore, we remand for the accounting as well as the payment, by EQT, of the amount so determined.

Order vacated. This matter is remanded to the trial court for action consistent with this decision. Accounting shall take place within 30 days of the return of the certified record to the trial court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2019

_____

[3] Given the trial court's resolution of the motion, it seems unlikely that an accounting would have taken place.